# EXHIBIT 4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| Associated Builders and Contractors Southeast Texas Chapter, et al., | ) )   Case No. 23-cv-396-MJT |
| v. | ) ) ) |
| | )   **DECLARATION IN SUPPORT** |
| | )   **OF PLAINTIFFS' COMPLAINT** |
| Julie Su, Acting Secretary, United States Department of Labor | ) ) |

I, Michael Bennett, being duly sworn, hereby state the following based on personal knowledge:

1. I am the Vice President of Cianbro Corporation ("Cianbro"). Cianbro is a leading national general contractor, 100 percent employee-owned, offering a comprehensive menu of project management and construction services for commercial and government clients. *See* www.Cianbro.com. Together with its subsidiaries and affiliates, Starcon International, and R.C. Stevens, Cianbro is a member of Associated Builders and Contractors ("ABC") and several chapters around the country.

2. I am familiar with Cianbro's performance of construction work on government projects covered by the Davis-Bacon Act throughout the United States. Cianbro has successfully completed many federally funded projects, both for governmental and commercial clients, that have required Davis-Bacon prevailing wages to be paid and reported. We have many such active projects now and are seeking to perform others.

3.      Cianbro self performs some aspects of our Davis-Bacon covered work by using team members in various construction trades and classifications. As a general contractor we also subcontract out Davis-Bacon covered work in various trades.

4.      As a merit shop contractor, Cianbro is very concerned about the new Rule recently issued by the U.S. Department of Labor, which is the subject of ABC's federal court complaint. The Rule rewrites almost every aspect of Davis-Bacon compliance and enforcement, including changing the rules for determining what wages are "prevailing" and undoing the Reagan reforms in the wage determination process.

5.      Under the new Rule, it is much more likely that union scale wage rates will be found prevailing by the Department in many jurisdictions where Cianbro companies do business, even though such union wage rates do not truly predominate in many of the markets in which we work. The new Rule also expands the geographic scope of coverage beyond the statutory "site of the work", expands the types of workers who will be covered by the prevailing wage requirement, and imposes new and discriminatory requirements on the credit we can receive for our costs of bona fide fringe benefits.

6.      As an immediate concern, Cianbro will be required by the new Rule to expend additional (un-reimbursable) resources in our effort to comply with the new administrative burdens and compliance risks imposed by the new Rule, including monitoring the compliance of our subcontractors who will be adversely affected by the Rule. The new Rule increases the administrative burdens and compliance risks on merit shop contractors and subcontractors alike, including new threats of cross-withholding from projects beyond the scope of covered projects where Davis-Bacon wages are allegedly owed.

7. Forcing our company to pay wages that exceed the wages that truly prevail where our work is performed also causes dissatisfaction and destabilization of our work force and our subcontractors, as team members will have to be paid artificially inflated wage rates on so-called prevailing wage jobs, above the competitive market rates at which we normally pay our team members.

8. In addition, where union wage rates are found to prevail, our company and our subcontractors often may be required to change our efficient work practices to abide by less efficient union job classification requirements, which we often do not know about in advance and do not have access to. As a merit shop contractor, Cianbro is at greater risk of being found to have misclassified workers because of the Department's Rule. The more union rates and work rules that are found to prevail under the new Rule, the greater our risk. The same is true for our subcontractors, for whom we may be responsible if they misclassify their workers on Davis-Bacon projects.

9. I declare under penalty of perjury that the foregoing is true and correct.



12/19/2023
Date