# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| Associated Builders and Contractors Southeast Texas Chapter, et al., | ) ) ) | Case No. 23-cv-396-MJT |
| v. | ) ) ) ) | **DECLARATION IN SUPPORT** **OF PLAINTIFFS' COMPLAINT** |
| Julie Su, Acting Secretary, United States Department of Labor | ) ) | |

I, Christopher R. Martinez, hereby state the following based on personal knowledge:

1.      I am the President of Central Electric Ent. & Co. ("CE"), a family owned and minority-owned business in the construction industry, located in San Antonio, TX. CE is a member of Associated Builders and Contractors national trade association and its South Texas and Southeast Texas Chapters.

2.      CE was established in 1975 and specializes in commercial electrical construction for both private and government customers. CE is fully qualified to perform federal construction contacts covered by the Davis-Bacon Act and has regularly performed such work for a number of federal, state & municipal agencies in Texas and elsewhere.

3.      As a merit shop contractor, I am very concerned about the harm to my business, but more importantly, my entire team, caused by the Rule recently issued by the U.S. Department of Labor. The Rule rewrites almost every aspect of Davis-Bacon compliance and enforcement, including changing the rules for determining what wages are "prevailing", and undoing the Reagan reforms in the wage determination process, so that it is more likely that union scale wage rates will be found prevailing. Although CE often pays more than the

prevailing wage on most of our jobs, the changes made by the new Rule appear likely to inflate the wage scales by adopting union rates in counties where such rates do not truly prevail.

4.	The new Rule also expands the geographic scope of coverage beyond the statutory "site of the work", expands the types of workers who will be covered by the prevailing wage requirement, and imposes new and discriminatory requirements on the credits we can receive for our costs of bona fide fringe benefits.

5.	As an immediate concern, the Rule grossly underestimates the time and cost for firms like ours to learn and understand the Rule's complicated new provisions. CE will be required by the Rule to employ and train additional (un-reimbursable) staff, in our effort to comply with the new administrative burdens and compliance risks imposed by the new Rule. The new Rule unacceptably increases the administrative burdens and compliance risks for small businesses like ours.

6.	In addition, one of the Rule's provisions states that a contractor or subcontractor can be found liable without notice to comply with the prevailing wage provisions, even when there are no Davis-Bacon contract stipulations in our subcontract, *i.e*, "by operation of law." This change threatens significant harm to our business, since we can never be sure when the Davis-Bacon requirements will apply to our projects.

7.	In addition, as a merit shop contractor, CE is at greater risk of being found to have misclassified workers because of the Department's Rule. For this reason, on Davis-Bacon projects, we do not typically make use of more efficient, non-union job classifications out of an abundance of caution. The more union rates that are found to prevail under the new Rule, the greater our risk and the less efficient we become.

8.      The combination of these burdens and the greater risks imposed by the

Department's Rule are directly harmful to CE's ability to compete for and perform on projects

covered by Davis-Bacon, as we have successfully done in the past.

9.      I declare under penalty of perjury that the foregoing is true and correct.


_____          _18 Dec 2023_____
Christopher R. Martinez                            Date