# EXHIBIT 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Associated Builders and Contractors Southeast Texas Chapter, et al., | ) )  Case No. 23-cv-00396-MJT |
| v. | ) ) ) **DECLARATION IN SUPPORT** |
| Julie Su, Acting Secretary, United States Department of Labor | ) **OF PLAINTIFFS' COMPLAINT** ) ) |

I, James "Lynn" McKelvey, hereby state the following based on personal knowledge:

1. I am the President of McKelvey Mechanical, Inc. (McKelvey"), a Native American-owned and woman-owned small business in the construction industry, located in Tuscaloosa, Alabama. McKelvey is a member of Associated Builders and Contractors national trade association and its Alabama Chapter.

2. McKelvey specializes in commercial and industrial mechanical installations, upgrades, and maintenance for both private and government customers. McKelvey is fully qualified to perform federal construction contacts and has regularly performed such work for a number of federal agencies, including the Veterans' Administration.

3. McKelvey typically bids many federal projects per year and usually performs 4-6 per year. We currently have projects on the books, but we understand that future contract documents will require McKelvey to agree to be bound by the new Rule which recently went into effect rewriting many different aspects of the Department of Labor's Davis-Bacon regulations.

4. I am familiar with McKelvey's performance of construction work on government projects covered by the Davis-Bacon Act in the Southeastern United States. McKelvey has successfully completed many federally funded projects that have required Davis-Bacon prevailing wages to be paid and reported. We have several active projects now and are seeking to perform others.

5. As a merit shop contractor, however, I am very concerned about the harm to my business caused by the Rule recently issued by the U.S. Department of Labor. The Rule rewrites almost every aspect of Davis-Bacon compliance and enforcement, including changing the rules for determining what wages are "prevailing", and undoing the Reagan reforms in the wage determination process, so that it is more likely that union scale wage rates will be found prevailing. The new Rule also expands the geographic scope of coverage beyond the statutory "site of the work", expands the types of workers who will be covered by the prevailing wage requirement, and imposes new and discriminatory requirements on the credits we can receive for our costs of bona fide fringe benefits.

6. As an immediate concern, McKelvey will be required by the Rule to employ and train additional (un-reimbursable) staff, in our effort to comply with the new administrative burdens and compliance risks imposed by the new Rule. The new Rule increases the administrative burdens and compliance risks on merit shop contractors and subcontractors alike.

7. In addition, one of the Rule's provisions states that a contractor or subcontractor can be found liable without notice to comply with the prevailing wage provisions, even when there are no Davis-Bacon contract stipulations, "by operation of law." This threatens significant harm to our business.

8. Forcing our company to pay wages that exceed the wages that truly prevail where our work is performed will also cause dissatisfaction and destabilization of our work force as employees will have to more often be paid artificially inflated wage rates on so-called prevailing wage jobs, above the competitive market rates at which we normally pay our employees.

9. In addition, where union wage rates are found to prevail, it is my understanding that our company will often be required to change our work practices to abide by union job classification requirements, which we often do not know about and do not have access to. As a merit shop contractor, McKelvey is at greater risk of being found to have misclassified workers because of the Department's Rule. The more union rates that are found to prevail under the new Rule, the greater our risk. The same is true for our subcontractors, for whom we may be responsible if they misclassify their workers on Davis-Bacon projects.

10. As a small business, the combination of these burdens and the greater risks imposed by the Department's Rule are directly harmful to McKelvey's ability to compete for and perform on projects covered by Davis-Bacon, as we have successfully done in the past. The Rule grossly underestimated the time and cost for firms like ours to learn and understand the Rule's complicated new provisions.

11. I declare under penalty of perjury that the foregoing is true and correct.

_____          11/16/2023
James L. McKelvey - President             Date