# **EXHIBIT 8**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| Associated Builders and Contractors Southeast Texas Chapter, et al., ) | Case No. 23-cv-00396-MJT |
| ) | |
| v. ) | |
| ) | **DECLARATION IN SUPPORT** |
| ) | **OF PLAINTIFFS' COMPLAINT** |
| Julie Sue, Acting Secretary, United States Department of Labor, et al ) | |

I, _Ronnie Wills, being duly sworn, hereby state the following based on personal knowledge:

1. I am the President of Aggregate Technologies, Inc. ("ATI"). ATI is a concrete cutting and demolition contractor with offices in Houston, Texas; Baton Rouge, Louisiana; and Orlando, Florida. We perform concrete cutting and removal services across Texas, Oklahoma, and the continental United States. We are a member of Associated Builders and Contractors Southeast Texas Chapter, and several other chapters of ABC National.

2. I am familiar with ATI's performance of construction work on government-funded projects covered by the Davis-Bacon Act in Texas and elsewhere. We have performed many such projects, and hope to continue doing so. But we are greatly concerned that the recent rule changes implemented by the U.S Department of Labor have a direct and negative impact on our business in a number of ways.

3. As outlined in the Complaint filed by ABCSETX and ABC National, ATI is particularly concerned about harms to our business caused by the Department of Labor's new rules for determining what wages are "prevailing" in the places where we perform our work. The changes all appear to be designed to make it more likely that union scale wage rates will be

found prevailing, when we know that is not true. The new rules also expand the geographic scope of the Act's coverage beyond the statutory "site of the work", expand the types of workers who will be covered, and increase the administrative burdens on contractors. Most if not all of these changes will be harmful to ATI's ability to perform projects covered by the Davis-Bacon Act wage requirements.

4. The most immediate harm to our company is the extra administrative costs and risks confronting our efforts to understand the new rules, which are hundreds of pages long and affect every aspect of Davis-Bacon compliance. We will have to hire additional (unreimbursed) staff for training and compliance purposes.

5. In addition, because the new rules make it more likely that union wage rates will be found to prevail, our company will often be required to change our work practices to abide by union classification requirements, which we often do not know about and do not have access to.

6. As a merit shop contractor, ATI is at greater risk of being found to have misclassified workers because of the Department's Final Rule. The more union rates that are found to prevail under the new Final Rule, the greater our risk.

7. The new Rule also increases the risk for my company because it removes the requirement that contract documents must give notice of the Davis-Bacon Act requirements. The Rule also imposes greater administrative burdens on our company to comply with the government's requirements.

8. I declare under penalty of perjury that the foregoing is true and correct.



_____    11-13-23
                                   Date