**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **ASSOCIATED BULIDERS AND CONTRACTORS OF SOUTHEAST TEXAS, INC., *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**KEITH E. SONDERLING, Acting Secretary of Labor, *et al.*,**<br><br>**Defendants.** | **No. 1:23-cv-00396-MJT** |

**JOINT STATUS REPORT AND REQUEST FOR DISPOSITION OF SUMMARY JUDGMENT MOTIONS**

1. Plaintiffs contend in this action that certain provisions of 29 C.F.R. Subtitle A, Part 1 & Part 5, Subpart A, enacted or amended by a final rule published August 23, 2023, 88 Fed. Reg. 57526 (Challenged Davis-Bacon Regulations), are invalid and should be vacated.

2. The Court dismissed plaintiffs' claims under the Appointments Clause and Regulatory Flexibility Act by order dated March 19, 2025.[1] Plaintiffs' remaining claims assert that the Challenged Davis-Bacon Regulations are contrary to law and arbitrary and capricious in contravention of 5 U.S.C. § 706(2)(A) and (C), provisions of the Administrative Procedure Act. (APA).[2]

3. As the Court is aware, the parties have sought, and the Court has granted, a series of stays to enable defendants to review the Challenged Davis-Bacon Regulations and to consider

[1] ECF No. 40 at 32-39.
[2] *See* Pl. Am. Compl. (Feb. 21, 2024), ECF No. 20, ¶¶ 50–118.

whether to engage in additional rulemaking to revise or rescind any of them.[3] Similar stays were granted over the same period in separate litigation in the Northern District of Texas and the Fifth Circuit concerning a subset of the Challenged Davis-Bacon Regulations. *Assoc. Gen. Contractors of Am. v. U.S. Dep't of Labor*, No. 5:23-cv-00272-H (N.D. Tex.), *on appeal*, No. 24-10790 (5th Cir.).

4. Defendants' review process resulted in their agreeing not to oppose entry of a final judgment in *Associated General Contractors* vacating the following Challenged Davis-Bacon Regulations:

- 29 C.F.R. § 5.2, Definition of "Construction, prosecution, completion, or repair," § 2(iv)(D) (onsite activities essential or incidental to offsite transportation);
- 29 C.F.R. § 5.2, Definition of "Material supplier," § 2; and
- 29 C.F.R. § 5.5(e) (incorporation by operation of law).

*See Assoc. Gen. Contractors*, ECF Nos. 106, 107, 108 (June 24, 2026).[4] Having been vacated, these provisions are no longer at issue in the instant case.

5. Both before and after the entry of final judgment in *Associated General Contractors*, defendants have also engaged in consideration of the remainder of the Challenged Davis-Bacon Regulations. Defendants have determined not to engage in additional rulemaking regarding these provisions at this time. The parties therefore agree that no additional stays of this case are necessary or appropriate.

[3] *See, e.g.*, Jt. Status Rep. & Mot. Continue Stay for Sixty Days (Apr. 13, 2026), ECF No. 60, at 1; Order (Apr. 24, 2026), ECF No. 61.

[4] The order in *Associated General Contractors* granting the unopposed motion for entry of final judgment and the final judgment itself are filed in this action as ECF No. 65-1 and 65-2, respectively.

6. Having conferred, the parties also agree that, as a result of the above developments, the issues remaining in this action are limited to whether the following provisions of the Challenged Davis-Bacon Regulations should be invalidated under the criteria set forth in § 706(2)(A) or (C) of the APA:

- 29 C.F.R. § 1.2, Definition of "Prevailing wage";
- 29 C.F.R. § 1.7(b)-(c) (geographic scope of wage data considered);
- 29 C.F.R. § 5.2, Definition of "Site of the work," § 1(ii) (coverage of secondary construction sites);
- 29 C.F.R. § 5.2, Definition of "Site of the work," § 1(iii)(B) (coverage of flaggers);
- 29 C.F.R. § 5.2, Definition of "Laborer or mechanic," to the extent applicable to "members of survey crews" as described in the preamble to the 2023 final rule *see* 88 Fed. Reg. at 57614;
- 29 C.F.R. § 5.25(c)(3)(i) (annualization of fringe benefit contributions); and
- 29 C.F.R. § 5.28(c) (restatement of approval requirement for unfunded plans).

7. The "review required by § 706 of the [APA] . . . is to be based on the full administrative record that was before the [decisionmaker] at the time he made his decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419-20 (1971). In such cases "the administrative agency is the fact finder" and "[j]udicial review has the function of determining whether the administrative action is consistent with law -- that and no more." *Girling Health Care, Inc. v. Shalala*, 85 F.3d 211, 215 (5th Cir. 1996) (quoting 10A Fed. Prac. & Proc. 2d § 2733 (1983)).

8. In other words, "'when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal.'" *Jospeh v. Dir. of Tex. Serv. Ctr., USCIS*, 2024 WL 1299065, at *4 (E.D. Tex. Mar. 12, 2024) (quoting *Gadhave v. Thompson*, 2023 WL 6931334, at *1 (N.D. Tex. Oct. 19, 2023)). "As such, summary judgment in this context 'serves as the mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and otherwise consistent with the APA standard of review.'" *Id.* (quoting *Gadhave*, 2023 WL 6931334, at *1); *see also State of Texas v. U.S. Dep't of Labor*, 756 F. Supp. 3d 361, 381 (E.D. Tex. 2024) (finding summary judgment to be an "appropriate mechanism" for adjudicating the validity of DOL rule); *Building & Constr. Trades' Dep't v. Donovan*, 712 F.2d 611, 615 (D.C. Cir. 1983) (affirming in part and reversing in part judgment on validity of regulations under Davis-Bacon Act rendered on cross-motions for summary judgment).

9. The parties ask the Court, accordingly, to adjudicate this action by ruling on the parties' pending motions for summary judgment, ECF No. 32 (Nov. 1, 2024) (plaintiffs' motion) and ECF No. 33 (Dec. 6, 2024) (defendants' motion). Additionally, given that this case is appropriate for disposition on summary judgment, the parties further ask the Court not to set a trial date, and to waive any remaining pretrial deadlines, pending its resolution of the summary judgment motions, and to set such deadlines only if the Court determines that a trial will be necessary.

Dated: August 24, 2026

Respectfully Submitted,

A. John Harper, III
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
(713) 951-9400
aharper@littler.com

/s/ *Maurice Baskin*
Maurice Baskin (*pro hac vice*)
Alex MacDonald (*pro hac vice*)
LITTLER MENDELSON, P.C.
815 Connecticut Ave., N.W.
Washington, D.C. 20006
(202) 772-2256
mbaskin@littler.com
amacdonald@littler.com
Attorneys for Plaintiffs

BRETT A. SHUMATE
Assistant Attorney General

NOAH T. KATZEN
Assistant Branch Director

s/ *David M. Glass*
DAVID M. GLASS, DC Bar 544549
Senior Trial Counsel
Department of Justice, Civil Division
Federal Programs Branch
1100 L Street, N.W., Room 12020
Washington, D.C. 20530
Tel: (202) 514-4469
Email: david.glass@usdoj.gov
Attorneys for Defendants